## PURVIS v. PENNSYLVANIA R. CO.
### Civ. No. 6139.

United States District Court,
E. D. Pennsylvania.

Aug. 4, 1950.

Ernest Ray White, of Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

H. Francis DeLone, of Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., for defendant.

TIMMERMAN, District Judge.

The plaintiff, an employee of the defendant railroad company, brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for personal injuries alleged to have been negligently caused by the defendant. The trial, which commenced in this Court November 11, 1947, resulted in a mistrial.

Upon the close of the evidence, the defendant moved the Court to instruct the jury to return a verdict in its favor upon the following grounds:

"1. There is no evidence of any negligence on the part of the defendant;

"2. There is no evidence that any negligence on the part of the defendant was the proximate cause of plaintiff's injury;

"3. The evidence shows that the sole and proximate cause of plaintiff's injury was his own negligence;

"4. Plaintiff has failed to satisfy the burden of proving fraud or mistake in the

·execution of the release by clear, unequivocal and convincing evidence."

The motion was denied. On November 18, 1947, after a mistrial had been ordered November 13, 1947, the defendant noted a formal motion for the entry of judgment for the defendant in accordance with defendant's motion for a directed verdict.

No time was set for hearing the mentioned motion, and in the meantime the Judge presiding at the trial returned to his home state of South Carolina. Shortly afterwards, as I am informed, one of the attorneys engaged in the trial of the cause died. Nothing more was done about the matter until quite recently when the Clerk of this Court sent me the file in the case, stating that it had been agreed that the motion be submitted on briefs without oral arguments.

As to the first, second and third grounds of the motion, I am of the opinion that there was sufficient evidence to carry the issues of negligence to the jury. It was the jury's prerogative to pass upon the credibility of witnesses and the weight and sufficiency of the evidence so long as there was conflict therein or more than one inference to be drawn therefrom. The motion cannot be granted on any one or more of the three grounds.

Coming to a consideration of the fourth ground of the motion, it is considered appropriate to briefly review the salient facts leading to the execution of the release and other facts discovered after the execution of the release.

The accident which occasioned the plaintiff's alleged injuries occurred about 3 A.M. October 13, 1943, while the plaintiff was at work for the defendant as a brakeman in the defendant's yard at Frankford Junction, Pennsylvania. At about six o'clock the same morning plaintiff reported to and was examined by Dr. Abbott, one of defendant's physicians. He was given no treatement and went from the doctor's office to his home. During the afternoon of the same day, plaintiff reported to Dr. Hammer, another of the defendant's physicians, who sent him to have an X-ray picture made. The X-ray showed negative.

The plaintiff was absent from his work through October 20, 1943. The next day he received a return to duty card from Dr. Jordon's office signed by Dr. Klein, both doctors being defendant's physicians.

Plaintiff did not work on October 22, and did return to work on the 23rd. He did not work on the 24th; and on the 25th he consulted one of defendant's claim agents in regard to collecting for "lost wages" due to his injury. At that time the claim agent called one of the defendant's doctors over the telephone and ascertained that plaintiff's injury consisted of a "contusion of the chest" and that he had been given a return to duty card on the 21st. The plaintiff and the claim agent then agreed that he had lost six days of work prior to the issuance of the return to duty card and that his compensation therefor would amount to approximately $45. The claim agent agreed to pay that amount and presented a release or receipt for plaintiff's signature. Plaintiff signed the release, as he says, without reading it and accepted the defendant's check for $45, which he later that day endorsed and cashed.

The paper signed by plaintiff turned out to be in terms an absolute release of "all claims and demands" which he had or could or might have against defendant for injuries incurred by him in the mentioned accident. Moreover, the check contained a similar release.

Plaintiff then worked the 25th, 26th and 27th of October. He again reported to one of defendant's doctors on November 3, 1943, when for the first time his injury was diagnosed as a fractured rib. On November 8th, after receiving treatment, he was given another return to duty card. From that time until May, 1944, he worked intermittently for the defendant. This action was commenced July 9, 1946.

I am convinced now, as I was at the time of the trial of this cause, that the issue of a mutual mistake in the execution of the release should have been submitted to the jury. As requested by defendant's attorney, the jury was charged that "In order to void a release on the ground of mutual mistake of fact as to the injuries intended to be included in said release, such

mistake must relate to an existing fact and not merely to the future result or progress of an existing and known injury."

I think the evidence is susceptible to the conclusion that plaintiff went to the claim agent in an endeavor to collect wages for the time he had prior thereto lost because of the accident. The agent's testimony tends to support that view. He, the agent, then called one of defendant's doctors for information. The information gained was this and only this: That plaintiff had a chest contusion and had been given a return to work card on the 21st. In plain language a contusion is no more than a bruise, without broken skin.

It was in the light of this information that the agreement, in form a release, was entered into. There is nothing in the record that I recall which indicates that either or both of the parties acted in knowledge of a broken bone. It is true that the rib was broken but that is not enough, if that fact was unknown to the contracting parties. They could make no binding contract concerning a condition that was utterly unknown to them. It was because of the evidence indicating a lack of knowledge of the broken rib that the issue of mutual mistake was submitted to the jury for decision.

An annotation, commencing on page 1022 of 117 A.L.R., interestingly reviews cases bearing on the avoidance of a release for mistake or fraud. Commencing at the bottom of page 1027 and ending at the top of the next page, the case of Shetina v. Pittsburgh Terminal Coal Corporation, 119 Pa.Super. 425, 179 A. 776, is discussed. While it is a compensation case, the facts and legal principles involved were quite similar to those in the instant case. It supports the views herein expressed.

The case of Callen v. Pennsylvania Railroad Company, 3 Cir., 162 F.2d 832, 833, is one in which it was claimed that a mutual mistake voided a release. In many respects the facts in the Callen case are quite similar to the facts of this case. If there be a substantial difference, this case is the stronger on the facts. In that case McLaughlin, J., speaking for the Court in an exceptionally strong opinion, said: "There was thus in the trial some evidence of mutual mistake regarding Callen's injuries, an important element in the settlement. That evidence in order to void the release, had to be clear, unequivocal, and convincing. Chicago & N. W. Ry. Co. v. Wilcox, 8 Cir., 116 F. 913, 914; Restatement of Contracts, Sections 502, 511. Whether the testimony here considered fulfilled those conditions was for the jury to pass upon under the guidance of the Court's instructions."

The language of the opinion clearly indicates the Court's opinion that the issue of mutual mistake should have been submitted to the jury.

Judge McLaughlin's opinion in the Callen case was reviewed and affirmed by the United States Supreme Court, 332 U.S. 625, 68 S.Ct. 296, 297, 92 L.Ed. 242. Mr. Justice Jackson, speaking for that Court said: "An examination of the record at the trial makes it clear that the issue was raised and sharply litigated as to whether the injury, if received by plaintiff in the manner alleged, was permanent in character. Only when and if this issue was resolved in favor of one party or the other could it be known whether there was a basis for finding a mutual mistake or any mistake of fact in executing the release. The [District] court, however, resolved the issue of permanence of injury against the defendant, at least so far as the release was concerned, and on that basis withdrew consideration of that issue from the jury. Even if the issue of permanence were resolved against the defendant, an issue still existed as to validity of the release since the defendant insists that it did not act from mistake as to the nature and extent of the injuries but entered into the release for the small consideration involved because, upon the evidence in its hands at the time, no liability was indicated. We think the defendant was entitled to argue these contentions to the jury and to have them submitted under proper instructions."

The motion should be denied. It is so ordered.